No. 77,368

WARREN BROWN GILLESPIE, *Appellee,* and POLLY GILLESPIE TOWNSEND, *Appellant,* v. DOROTHEA WOFFORD SEYMOUR, as Co-Trustee of the Brown-Gillespie Trust Estate, *et al.,* *Defendants.*

(952 P.2d 1313)

Opinion filed January 23, 1998.

*Glenn D. Young, Jr.,* and *Jerry D. Bogle,* of Young, Bogle, McCausland, Wells & Clark, P.A., of Wichita, argued the cause and were on the brief for appellee.

*Jeffrey L. Carmichael,* of Morris, Laing, Evans, Brock & Kennedy, Chartered, of Wichita, argued the cause, and *Karl R. Swartz,* of the same firm, was with him on the brief for appellant.

The opinion of the court was delivered by

SIX, J.: This case concerns appellate jurisdiction. K.S.A. 60-254(b), the multiple parties-multiple claims final judgment statute, is relied on by the parties as their key to appellate review. Multiple parties are not involved, thus the only question is, are there multiple claims? We say, "No" and dismiss the appeal for lack of jurisdiction.

Polly Gillespie Townsend brings an interlocutory appeal. Her brother, Warren Brown Gillespie, moved for a district court division of litigation expenses incurred in their settlement and recovery of $2,250,000 in the underlying lawsuits. The law firm of Young, Bogle, McCausland, Wells & Clark, P.A., (Young, Bogle) represented both Warren and Polly in the litigation. Each sibling separately signed a contingent fee agreement with Young, Bogle. Warren advanced all litigation costs and expenses. The district court held that Polly was required to pay litigation costs and expenses, with the amount left for future determination. The journal entry contained a K.S.A. 60-254(b) "no just reason for delay" finding,

but did not contain any K.S.A. 60-2102(b) interlocutory appeal findings. We ordered the parties to show cause why this appeal should not be dismissed for lack of jurisdiction as an improper and untimely interlocutory appeal. The case was transferred here under K.S.A. 20-3018(c) on our motion.

## FACTS

The Gillespie litigation was the subject of three earlier appeals, *Gillespie v. Seymour*, 250 Kan. 123, 823 P.2d 782 (1991) (*Gillespie I*); 253 Kan. 169, 853 P.2d 692 (1993); and 255 Kan. 774, 877 P.2d 409 (1994). The factual background is set forth in *Gillespie I*, 250 Kan. at 125-29. Warren and Polly, as remainder beneficiaries, sought an accounting, including punitive damages, against the co-trustees (and others) of a trust established by their grandfather. The litigation also concerned various breach of trust allegations.

The separate contingent fee agreements Polly and Warren each signed with Young, Bogle were similar, except that Polly had crossed out and initialed the phrase "but [Young, Bogle] shall be reimbursed for all out-of-pocket expenses incurred in the prosecution of said suit and claim." Young, Bogle's contingent fee percentage share was 45% in Warren's agreement and 50% in Polly's.

During the litigation, Warren paid $480,521.09, the total of all litigation costs and expenses. After many appeals and a bankruptcy, the litigation was eventually settled for $2,250,000. The settlement proceeds were held in trust by Young, Bogle. The amounts not in controversy have been distributed. Polly has received $395,243, and interest, but claims she is entitled to $562,500 (50% of $1,125,000). Young, Bogle is holding the difference, $167,257, and interest, in trust. Warren claims the funds as Polly's share of the litigation costs and expenses that he paid.

Warren, by his attorneys, Young, Bogle, filed a motion under Model Rule of Professional Conduct (MRPC) 1.5(d) (1997 Kan. Ct. R. Annot. 289) requesting that the court divide the litigation expenses between himself and Polly. It appears that the motion should have referenced MRPC 1.5(e). In the motion, Warren alleged that Polly had orally agreed that she would share the litigation expenses equally with him in the event of an ultimate recovery

(although she would not be responsible for any expenses if there was no recovery). The motion also identified the reasonableness of the expenses as an issue. (The record is silent on why Warren's claim is only for $167,257, as one-half of the total expenses, $480,521.09, is $240,260.54.)

Polly, represented by Morris, Laing, Evans, Brock & Kennedy, Chartered (Morris, Laing), responded, denying that she had agreed to share responsibility for any litigation expenses. Polly also argued that an MRPC 1.5(d) motion was improper for resolving this dispute. According to Polly, the controversy did not involve a fee dispute between an attorney and client, but rather an alleged oral contract between a brother and sister.

Over Polly's objection, Young, Bogle moved for, and the district court approved, withdrawal as Polly's counsel due to a conflict of interest. Polly contended that Young, Bogle should have withdrawn from representing either party, as the firm now had a conflict of interest under MRPC 1.7 (1997 Kan. Ct. R. Annot. 297). The district court (1) withheld ruling on Polly's motion to disqualify Young, Bogle, (2) decided that Warren's MRPC 1.5(d) motion was proper, (3) held that the MRPC are incorporated as part of the contingent fee agreement between Polly and Young, Bogle, and (4) decided Polly was required to pay litigation costs and expenses, which should be deducted before the contingent fee is calculated. The court did not adjudicate the reasonableness of the fees and expenses or decide what portion was Polly's responsibility.

## DISCUSSION

The propriety of the district court's decision to certify under 60-254(b) is subject to appellate review. The standard of review is stated in *St. Paul Surplus Lines Ins. Co. v. International Playtex, Inc.*, 245 Kan. 258, 276, 777 P.2d 1259 (1989), *cert. denied* 493 U.S. 1036 (1990):

" 'The court of appeals must, of course, scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units. But once such judicial concerns have been met, the discretionary judgment of the district court should be given substantial deference, for that court is "the one most likely to be

familiar with the case and with any justifiable reasons for delay." [Citation omitted.] The reviewing court should disturb the trial court's assessment of the equities only if it can say that the judge's conclusion was clearly unreasonable.'" (Quoting *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10, 64 L. Ed. 2d 1, 100 S. Ct. 1460 [1980], and adopting its rationale).

Quoting *Curtiss-Wright*, 446 U.S. at 8, further, we said:

"[T]he function of the district court under the Rule is to act as 'dispatcher.' The district court is to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. The district court's discretion is to be exercised ' "in the interest of sound judicial administration." ' " 245 Kan. at 276-77.

K.S.A. 60-254(b) provides in part:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim or, when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

K.S.A. 60-254(b) is identical to Fed. R. Civ. Proc. 54(b). "Because Fed. R. Civ. Proc. 54(b) is identical to K.S.A. . . . 60-254(b), Kansas has followed the federal cases interpreting 54(b) certifications." *St. Paul Surplus Lines Ins. Co.*, 245 Kan. at 275.

A leading text on federal procedure identifies the purposes of a 54(b) certification:

"The basic purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2654 (1983).

"The rule attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants. Although it does this by empowering the court to enter a judgment before all the claims or rights of all the parties have been finally adjudicated, Rule 54(b) does not represent a departure from or an abandonment of the fundamental principle against splitting a claim and determining cases at the appellate level in piecemeal fashion." 10 Wright, Miller & Kane, § 2654, p. 37.

This dispute is between two plaintiffs over responsibility for litigation expenses incurred in their recently settled lawsuit. Warren seeks the $167,257, plus interest, now held in trust by Young, Bogle. Polly claims that same amount is wrongfully withheld from her. The district court made only a partial ruling on Warren's motion.. The appealed order is interlocutory, governed by K.S.A. 60-2102(b), not 60-254(b).

During oral argument, Polly's counsel asserted that the K.S.A. 60-254(b) certification was proper, because if we reverse the district court, this case will be disposed of in that Warren's motion will be denied. Young, Bogle would then turn over the withheld funds to Polly, and Warren would have to file a separate lawsuit against his sister to recover any of that money. Warren's counsel also contends the 60-254(b) certification was proper because multiple claims and different fact situations are involved, citing *St. Paul Surplus Lines Ins. Co.*, 245 Kan. 258; and *Henderson v. Hassur*, 1 Kan. App. 2d 103, 562 P.2d 108 (1977).

Although neither party questions the certification, "[i]t is the duty of an appellate court on its own motion to raise the question of its jurisdiction, and when the record discloses a lack of jurisdiction it must dismiss the appeal." *Henderson*, 1 Kan. App. 2d at 112.

### Multiple Claims

Both parties contend that multiple claims are involved. The Court of Appeals quoted a multiple claims determination test in *Pioneer Operations Co. v. Brandeberry*, 14 Kan. App. 2d 289, 294-95, 789 P.2d 1182 (1990) (no multiple claims found; certification held improper):

" 'In sharp contrast to determining the existence of multiple parties, the question of when a case presents multiple claims often is a difficult one.' 10 Wright & Miller, § 2656, p. 49. 'The line between deciding one of several claims and deciding only part of a single claim is sometimes very obscure . . . . There is no generally accepted test that is used to determine whether more than one claim for relief is before the court.' 10 Wright & Miller, § 2657, pp. 60-61.

"Wright and Miller believe the Second Circuit has developed a workable test to determine whether multiple claims exist:

" 'The ultimate determination of multiplicity of claims must rest in every case on whether the underlying factual bases for recovery state a number of different

claims which could have been separately enforced' [quoting *Rieser v. Baltimore & Ohio R.R. Co.*, 224 F.2d 198, 199 (2d Cir.), *cert. denied* 350 U.S. 1006 (1955)]."

We endorse this test. See, *Henderson,* 1 Kan. App. 2d 103, for an extensive discussion of K.S.A. 60-254(b) certification.

Warren argues there are two theories supporting his position on the merits in this matter, so we should find multiple claims. The first theory is that Polly implicitly agreed, as part of her contingent fee agreement with Young, Bogle, to bear responsibility for litigation expenses if there was a recovery. The second is that Warren and Polly had an oral agreement to share the litigation expenses in the event of a recovery. These theories arguably involve separate facts. However, two theories do not necessarily establish distinct claims. These "theories" are separate elements of Warren's claim to the money. Warren claims the money belongs to him. Polly claims it belongs to her. If the district court ultimately decides the money (or some portion thereof) belongs to Warren, that will dispose of Polly's claim, and vice versa. These are not multiple claims.

## Finality of Judgment

The appealed journal entry says:

"The Court further finds that this entry of judgment is an adjudication of less than all claims, that the Court makes an express determination that there is no just reason for delay, and pursuant to K.S.A. 60-254(b), hereby enters an express direction for entry of judgment that this is a matter for adjudication pursuant to K.M.R.P.C., Rule 1.5(d)."

However, just above the quoted provision, the journal entry says: "The Court further finds that this ruling does not adjudicate the reasonableness of the fees and expenses nor what portion of those fees and expenses should be paid by Polly Gillespie Townsend."

The journal entry expressly provides that the issue of the reasonableness of the fees and expenses, or Polly's share of those, remains to be determined. "Even if a section 254(b) certificate is issued, it is not binding on appeal; the trial court cannot thereby make an order final and therefore appealable, if it is not in fact final." Elliott, *Survey of Kansas Law: Civil Procedure,* 27 Kan. L. Rev. 185, 194 (1979) (citing *Henderson,* 1 Kan. App. 2d 103).

In *Henderson,* leaving open the issue of punitive damages prevented the judgment from being final. 1 Kan. App. 2d 103, ¶ 7. Here, leaving open three issues prevents finality of the judgment (the reasonableness of and responsibilities for the fees and expenses, the existence of an expense-sharing agreement between Warren and Polly, and the Young, Bogle disqualification). Otherwise, this case becomes a classic "piecemeal" appeal. Here, we would review the district court's rulings that this dispute should be resolved in the MRPC 1.5(e) format and that MRPC 1.5 should be incorporated within Polly's contingent fee contract. If affirmed, then the next appeal conceivably would address review of the district court's rulings on (1) the reasonableness of the expenses, (2) the existence of the purported expense-sharing agreement, and (3) the disqualification of Young, Bogle.

Polly's argument that the K.S.A. 60-254(b) certification is proper because reversal will dispose of the case presents only one aspect of determining whether the possibility of a piecemeal appeal exists. The flaw in this "iffy" approach is that it requires us to address the merits of the appeal before appellate jurisdiction is established. Appellate jurisdiction would be obtained by chance. If we reverse we have it, if we affirm we do not.

We apply an ending observation from *Henderson* here: "[S]hould a future appeal be taken in this case from a 'final decision,' a motion to utilize the present record and briefs, suitably supplemented, would be favorably received." 1 Kan. App. 2d at 112-13.

Finally, we include a tangential observation on Polly's claim that Young, Bogle should be disqualified under MRPC 1.7. The question is not before us. The district court has reserved its ruling. Also, we do not have jurisdiction of this appeal. However, we do not infer, by lack of comment, endorsement of Young, Bogle's MRPC 1.7 posture in this case. See *Barragree v. Tri-County Electric Co-op, Inc.,* 263 Kan. 446, 950 P.2d 1351 (1997).

Appeal dismissed.

ABBOTT, J., not participating.

DAVID S. KNUDSON, J., assigned.