(995 P.2d 878)
No. 82,900

JOHN E. SCHWARTZ, *Appellant,* v. EUSTAQUIO O. ABAY II, M.D., *Appellee.*

—

Opinion filed October 22, 1999.

*Phillip R. Fields,* of Law Office of Phillip R. Fields, of Wichita, for appellant.

*Gary M. Austerman* and *Mary T. Malicoat,* of Klenda, Mitchell, Austerman & Zuercher, L.L.C., of Wichita, for appellee.

Before GERNON, P.J., MARQUARDT, J., and ROGG, S.J.

MARQUARDT, J.:    John E. Schwartz appeals the trial court's decision granting summary judgment to Dr. Abay.

The facts of this case are largely undisputed. Dr. Abay performed back surgeries on Schwartz in May 1995, on January 10, 1996, and June 10, 1996. Schwartz signed a consent for a "right L4-5, L5-S1 widening laminectomy excise recurrent disc interbody

fusion right" to be performed on June 10, 1996. After the surgery, Dr. Abay admitted that he had mistakenly performed a discectomy and fusion at L3-4 and removed "at best . . . 60 to 70 percent of the disc."

Schwartz filed a petition alleging that Dr. Abay committed medical malpractice. Schwartz then filed a motion for summary judgment relating to the issue of liability. Judge C. Robert Bell granted Schwartz' motion. Schwartz then filed a motion for voluntary dismissal so that he could refile the petition and provide notice to the Kansas Health Care Stabilization Fund. The motion was granted, and the case was dismissed without prejudice.

Schwartz refiled his petition on August 27, 1998. On October 27, 1998, Judge Timothy G. Lahey signed an agreed order which stated: "The Order of Judge Robert C. Bell granting Plaintiff Summary Judgment as to the issue of liability only in Case No. 98 C 73 is equally effective and binding as to the parties on the issue of liability in the instant case." On December 22, 1998, Judge Lahey signed a pretrial conference order which stated: "The issue of liability has been determined adverse to the Defendant by virtue of the Order entered following Plaintiff's Motion for Summary Judgment herein. The remaining issue is one of damages sustained by the Plaintiff by reason of the negligent performance of the surgical procedure by Defendant."

On December 23, 1998, Dr. Abay filed a motion for summary judgment. Dr. Abay stated that Schwartz was unable to provide evidence that "Dr. Abay's actions or inactions in any way caused the damages he is alleging" and "fails to offer expert evidence that he has, in fact, suffered damages." On January 21, 1999, Judge D. Keith Anderson found "that a finding of liability does not subsume the issue of causation in addressing the issue of common knowledge exception versus the need for expert medical testimony in establishing causation" and granted summary judgment to Dr. Abay. Judge Anderson also stated, "[T]his case is not a situation that a jury can figure out on their own." Schwartz timely appeals.

Schwartz maintains it was error for Judge Anderson to overturn the summary judgment orders of Judges Bell and Lahey, who granted him judgment on the issue of liability.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. On appeal, we apply the same rules, and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. *Bergstrom v. Noah*, 266 Kan. 847, 871-72, 974 P.2d 531 (1999). Summary judgments are to be granted with caution in negligence actions. *Fettke v. City of Wichita*, 264 Kan. 629, 632, 957 P.2d 409 (1998).

The summary judgment on the issue of liability left the issue of damages undecided. See K.S.A. 1998 Supp. 60-254(a); see also *Gillespie v. Seymour*, 263 Kan. 650, 656, 952 P.2d 1313 (1998) (leaving open the issue of punitive damages prevents a judgment from being final). Since the order concerning Schwartz' motion for summary judgment adjudicated fewer than all of the issues, the order was subject to revision at any time before a final judgment was entered. See K.S.A. 1998 Supp. 60-254(b).

Even though the order granting summary judgment to Schwartz on the issue of liability was subject to revision at any time before a final judgment was entered, granting summary judgment to Dr. Abay is inconsistent with summary judgment being granted to Schwartz. Part of the problem is that three different trial judges issued orders which granted judgment in favor of both parties. Judge Anderson did not revise the orders of Judges Bell and Lahey; he reversed them. The two judgments are inconsistent and, therefore, cannot stand. See *McDonnell v. The Music Stand, Inc.*, 20 Kan. App. 2d 287, 290, 886 P.2d 895 (1994), *rev. denied* 256 Kan. 995 (1995).

In order to prevail in a medical malpractice action in Kansas, a plaintiff must prove the following three elements: (1) that a duty was owed by the physician to the patient; (2) that the duty was breached; and (3) that a causal connection existed between the

breached duty and the injury sustained by the patient. *Heany v. Nibbelink*, 23 Kan. App. 2d 583, 586, 932 P.2d 1046 (1997).

Dr. Abay asserts that Schwartz cannot prevail without expert testimony. Schwartz claims he is not required to present expert testimony because Dr. Abay admitted liability and, therefore, the common knowledge exception applies.

Dr. Abay admitted he had a doctor-patient relationship with Schwartz. Dr. Abay also admitted that he operated on the wrong disc in Schwartz' back, and that by doing so, he breached the relevant standard of care. Schwartz argues that despite the fact that the third surgery relieved his leg pain, his functional ability was decreased to such an extent that he was fired from his employment.

Even though expert medical testimony is ordinarily required to establish negligence or lack of reasonable care on the part of a physician, this "rule does not give the members of the medical profession a monopoly on common sense, and the rule is limited to those matters clearly within the domain of medical science." *Webb v. Lungstrum*, 223 Kan. 487, 490, 575 P.2d 22 (1978). Where the medical procedures employed are so patently bad that negligence or lack of skill is manifest to a lay observer, or other acts complained of could be regarded as negligent by applying the common knowledge and experience of a lay observer, the common knowledge exception applies. *Hiatt v. Groce*, 215 Kan. 14, Syl. ¶ 2, 523 P.2d 320 (1974).

The common knowledge exception most often applies to cases where a physician leaves a sponge or surgical instrument in the patient after surgery. *Webb*, 223 Kan. at 490. Kansas courts have applied the doctrine in a variety of situations. See *Hiatt*, 215 Kan. at 14 (no expert testimony needed where nurse failed to call doctor when woman began labor and suffered severe vaginal lacerations). See also *Rule v. Cheeseman, Executrix*, 181 Kan. 957, 317 P.2d 472 (1957) (no expert testimony needed where a surgical sponge was left in patient after surgery, which resulted in severe pain and a second operation); *Bernsden v. Johnson*, 174 Kan. 230, 238, 255 P.2d 1033 (1953) (no expert testimony needed where physician left a plastic tube in patient's throat for 36 hours after surgery, resulting in severe pain, hypoxia, and hoarseness).

Dr. Abay admitted he committed malpractice by operating on the wrong disc. The consent form signed by Schwartz was a consent to fuse his spine at the L4-5 and L5-S1 levels. Schwartz does not need a medical expert to say that Dr. Abay deviated from the standard of care. Dr. Abay operated on the wrong disc and took out 60% of a healthy disc, but left the disc he had diagnosed as the problem in Schwartz' back. If Dr. Abay removed the problem disc, he made the wrong diagnosis. No matter how it is viewed, it does not take a medical expert to determine that Dr. Abay deviated from the standard of care. The common knowledge exception applies to this case.

Dr. Abay argues that Schwartz must show "not only Dr. Abay's negligence, but also that the negligence *caused* the alleged injury." According to Webster's Ninth New Collegiate Dictionary 217 (1991), "cause" is "something that brings about an effect or a result . . . a person or thing that is the occasion of an action or state; esp: an agent that brings something about." Black's Law Dictionary 221 (6th ed. 1990), defines cause as "[s]omething that precedes and brings about an effect or a result . . . . An agent that brings something about." Dr. Abay admitted that he was the person that caused the surgery to be performed on the wrong vertebrae. It is a mystery how Dr. Abay successfully argued to the district court that his negligence did not cause him to operate on the wrong vertebrae. Confusion was created when Dr. Abay suggested that a finding of liability did not subsume the issue of causation. Liability goes further than cause. In Black's Law Dictionary 914, "liability" is defined as "a broad legal term . . . of the most comprehensive significance, including almost every character of hazard or responsibility, absolute, contingent, or likely." Dr. Abay admitted the injury, which is a separate and distinct issue from the issue of what damage was caused.

During pretrial depositions, Schwartz admitted that his leg pain was gone after the third surgery. However, he claimed that the Functional Capacity Evaluations revealed that his capacity to return to physical labor was reduced from "medium" work down to the next lower capacity of "light-medium." As a result of this rating, Schwartz' employer could no longer provide him with an accom-

modated position, and his employment was terminated. The trial court did not consider Schwartz' Functional Capacity Evaluations in granting Dr. Abay summary judgment. Dr. Abay states that admission of the evaluations was properly denied because, as evidence, they were not in compliance with K.S.A. 60-256. Notwithstanding this statement, Dr. Abay attached copies of letters from two doctors to his motion for summary judgment that were not affidavits and, therefore, did not comply with the statute.

Schwartz was injured by the loss of a healthy disc. The issue is, what were his damages? The issue of damages is a fact question for a trier of fact. *Kansas Malpractice Victims Coalition v. Bell*, 243 Kan. 333, 343, 757 P.2d 251 (1988).

The trial court erred by granting Dr. Abay's motion for summary judgment. The issue of causation, when a physician admits he operated on the wrong vertebrae and removed 60% of a healthy disc, comes within the common knowledge exception. Expert testimony is not required.

Reversed and remanded.