(43 P.3d 831)

No. 86,988

JOHN E. SCHWARTZ, *Appellant,* v. EUSTAQUIO O. ABAY II, M.D., *Appellee.*

Opinion filed April 5, 2002.

*Phillip R. Fields,* of Wichita, for the appellant.

*Gary M. Austerman* and *Christopher A. McElgunn,* of Klenda, Mitchell, Austerman & Zuercher, L.L.C., of Wichita, for the appellee.

Before LEWIS, P.J., PIERRON and BEIER, JJ.

LEWIS, J.: Plaintiff John E. Schwartz brought this malpractice action against the defendant physician, Eustaquio O. Abay II, M.D., alleging negligence in the performance of a spinal fusion. The jury awarded judgment in favor of plaintiff in the amount of $76,200. Included in the jury award was a future medical award of $40,000. The trial court set aside the award for future medical expenses on a motion for judgment notwithstanding the verdict. Plaintiff appeals from the trial court's action on that motion.

This case has found its way to this court for the second time. It was originally appealed when the trial court granted summary judgment in favor of defendant because plaintiff had produced no expert testimony on the question of causation. This court reversed that decision and remanded the matter for retrial. See *Schwartz v. Abay*, 26 Kan. App. 2d 707, 995 P.2d 878 (1999). The facts in this case are almost identical to those set forth in our prior opinion.

Plaintiff had been employed as an electrician for nearly 20 years. He also had a long and persistent history of back problems. He first experienced back problems in 1972 and, over the years, has experienced several back injuries or aggravation of back problems and at least three surgeries. Early on, he was diagnosed with having degenerative disc disease. Plaintiff's personal physician referred him to defendant, who performed back surgeries on plaintiff in January 1988, May 1995, and June 1996. This appeal involves the surgery in June 1996.

In the June 1996 instance, defendant concluded that he needed to perform a discectomy and fusion at L4-5. He proceeded with the surgery and assumed he had done so. However, after surgery, it became apparent that he had removed the wrong disc. The discectomy and fusion had been done at L3-4 rather than L4-5. The doctor admitted this mistake and advised plaintiff and his family what he had done. Plaintiff was not charged for the procedure, which carried a price tag of $20,837.28.

At the outset, we note there is no question that defendant negligently fused the wrong vertebra on plaintiff. The only issues are those relating to damages suffered by plaintiff.

As pointed out earlier, the trial court granted defendant's motion for judgment notwithstanding the verdict, deleting the $40,000 award for future medical expenses.

" 'When ruling on a motion for directed verdict, the trial court is required to resolve all facts and inferences reasonably to be drawn from the evidence in favor of the party against whom the ruling is sought. Where reasonable minds could reach different conclusions based on the evidence, the motion must be denied. A similar analysis must be applied by an appellate court when reviewing the grant or denial of a motion for directed verdict.' *Calver v. Hinson*, 267 Kan. 369, Syl ¶ 1, 982 P.2d 970 (1999)." *Wilkinson v. Shoney's, Inc.*, 269 Kan. 194, 202, 4 P.3d 1149 (2000).

This court's standard of review of a motion for judgment notwithstanding the verdict is the same as that for a directed verdict. *Hoover v. Innovative Health of Kansas, Inc.*, 26 Kan. App. 2d 447, 454, 988 P.2d 287, *rev. denied* 268 Kan. 846 (1999).

Instruction No. 13 advised the jury that it could award defendant damages for "[t]he reasonable expenses of necessary medical care, hospitalization and treatment received (and of those reasonably expected to be needed in the future)." Although defendant probably should have objected to the jury being instructed to consider future medical damages, we do not believe that failure to object to be fatal to his cause.

The law is clear that expert testimony is not necessary on a claim for damages. *Hare v. Wendler*, 263 Kan. 434, Syl. ¶ 2, 949 P.2d 1141 (1997).

"In a negligence action, recovery may be had only where there is evidence showing with reasonable certainty the damage was sustained as a result of the complained-of negligence. Recovery may not be had where the alleged damages are too conjectural or speculative to form a basis for measurement. To warrant recovery of damages, therefore, there must be some reasonable basis for computation which will enable the trier of fact to arrive at an approximate estimate of the amount of loss." *Morris v. Francisco*, 238 Kan. 71, Syl. ¶ 3, 708 P.2d 498 (1985).

We have examined the record very carefully and conclude there was no reasonable basis on which this jury could have computed its award of future medical expenses. Plaintiff argues there is evidence to support that award because previously he had three back surgeries and is at a high risk for reinjury or additional surgery. There is no question that there is evidence in the record indicating plaintiff will continue to have back problems and will have future medical expenses. The problem is there is nothing in the record

that relates that fact to defendant's removal of the wrong disc. The record is replete with indications that plaintiff had degenerative disc disease, that his back had required prior surgeries, and that he would continue to experience back pain and further degeneration. However, there is nothing in the record to indicate that any of these future problems would have been caused or contributed to by the June 1996 surgery.

Inexplicably, the record contains not one question as to whether plaintiff would experience future medical expenses as a result of defendant's negligence. Plaintiff was not asked, defendant was not asked, and no expert witness was called by plaintiff to prove there would be future medical damages. Plaintiff argues the cost of the improper surgery provided the basis for the jury to determine future medical damages. That may be true, but there was no evidence and no testimony whatsoever that a future surgery was scheduled or would be required.

Plaintiff failed to provide any evidence to show that future medical treatment would be the result of an improper surgery rather than the result of his preexisting disc disease. It is true that Kansas law does not require expert testimony on a claim for damages; however, when a case involves preexisting conditions and other contributing factors that may complicate the question of damages, an expert is required to distinguish and attribute those damages that may have been caused by the preexisting condition or other contributing factors and those damages that may have been caused by defendant's breach of the standard of care. *Hare*, 263 Kan. at 444-45.

We also note that it appears to be a somewhat close question as to whether plaintiff was damaged at all. Plaintiff testified that he decided to have the surgery because he had pain in his leg. During cross-examination, the following occurred:

"Q. And the pain—let's be clear about this. The purpose of the surgery, the primary purpose, was to alleviate the pain; is that right?
"A. Yes.
"Q. And that goal was accomplished; correct?
"A. Correct."

In other words, even though defendant performed the wrong surgery, the result plaintiff sought was achieved; his pain went away and had not come back. There is no explanation for this phenomenon, but the fact is, this is what the evidence shows.

The evidence in this case shows that if plaintiff has future medical expenses, it is as likely to be due to his degenerative disc disease as to anything that defendant did in the June 1996 surgery. There was no evidence from which a jury could establish a basis for future medical damages, and the trial court did not err in granting the judgment notwithstanding the verdict.

Affirmed.