NOT DESIGNATED FOR PUBLICATION

No. 124,343

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

JOY L. PARRISH,
*Petitioner*,

and

BRIEN K. PIPPEN,
*Appellant*,

(MICK LERNER and the LERNER LAW FIRM),
*Appellees*.

MEMORANDUM OPINION

Appeal from Miami District Court; STEVEN C. MONTGOMERY, judge. Opinion filed April 15, 2022. Appeal dismissed.

*Dennis M. Clyde*, of Clyde & Wood, LLC, of Overland Park, for appellant.

*Kirk T. May*, of GM Law PC, of Kansas City, Missouri, for appellees.

Before MALONE, P.J., SCHROEDER and HURST, JJ.

PER CURIAM:  This unique appeal comes before the court from a strange procedural posture. This case is a divorce action between Joy L. Parrish and Brien K. Pippen. After two years of contentious pretrial proceedings, the district court issued a divorce decree. During the divorce proceedings, Mick Lerner and the Lerner Law Firm (Lerner) represented Pippen. After the district court issued the divorce decree, but while various post-decree motions were pending, Lerner sought to withdraw from the divorce

1

case. In response, Pippen filed a "motion to set and allow a reasonable fee pursuant to [the Kansas Rules of Professional Conduct (KRPC)] 1.5(e) [(2022 Kan. S. Ct. R. at 333)]," arguing the attorney fees Lerner claimed Pippen owed were unreasonable. The district court found it had "permissive jurisdiction" to address the fee issue, but the court then declined to resolve the fee dispute without further guidance from the appellate court and certified that ruling for appeal under K.S.A. 2020 Supp. 60-254(b).

Pippen filed this appeal, with Lerner as the appellee, seeking a ruling on whether the district court had jurisdiction to address his motion for attorney fees and various issues related to the scope, application, and procedure for determining the reasonableness of fees under Kansas Rule of Professional Conduct (KRPC) 1.5(e) (2022 Kan. S. Ct. R. at 333). Lerner asserts that this court lacks jurisdiction over the appeal. While this appeal has been pending, Lerner filed a civil action against Pippen in Johnson County District Court seeking a judgment for the balance of his claimed attorney fees in the divorce case. Pippen moved this court to stay the district court proceedings in Johnson County. For the reasons we will state below, we find this court lacks appellate jurisdiction under K.S.A. 2020 Supp. 60-254(b) to address the merits of Pippen's appeal.

FACTUAL AND PROCEDURAL BACKGROUND

Parrish and Pippen were married in 2006. On December 18, 2018, Parrish petitioned for divorce. Lerner represented Pippen in the divorce. For the next two years, the parties engaged in contentious pretrial proceedings, consisting of multiple claims of contempt and discovery violations.

On December 3, 2020, the district court issued a decree of divorce. In its divorce ruling, the district court denied Pippen's request to have Parrish pay $166,710.75 in attorney fees, noting that it did not find such an amount reasonable, that Lerner's rate was "significantly higher than the rate charged in the Court's pending divorce cases," that

Lerner did not demonstrate familiarity with divorce cases, and that the requested reimbursement was "far in excess of the time and expense necessary." But the district court ordered Parrish to pay attorney fees in the amount of $33,500 as a sanction for her failure to participate in discovery.

On May 25, 2021, Lerner moved to withdraw. Dennis M. Clyde of Clyde & Wood, LLC, entered an appearance for Pippen, "for the limited purpose of the issue of [Pippen's] [a]ttorney's fees." Pippen stated he did not object to Lerner withdrawing on all other issues but asked the divorce court to "maintain jurisdiction over the parties and counsel for the purpose of determining" reasonable attorney fees. Pippen then filed a "Motion To Set And Allow A Reasonable Fee Pursuant To KRPC 1.5(e)."

Lerner moved to dismiss Pippen's motion to determine reasonable fees. Lerner asserted that the court lacked subject matter jurisdiction over such a motion because Lerner was not a party to the divorce, the divorce was final, KRPC 1.5(e) is not a basis for civil liability, and the court never ruled on the agreement between Lerner and Pippen when the representation began. Pippen opposed the motion to dismiss, stating that he had paid Lerner $146,589.66 in fees and that Lerner claimed he owed a balance of $327,315.11, and that the court had jurisdiction to hear the matter.

The district court held a hearing on July 13, 2021. Lerner stated that this issue arose because Pippen told Lerner that he would pay a certain amount instead of what he owed, and Lerner told him that he would have to withdraw if Pippen refused to pay the amount owed. Lerner asserted that a collection lawsuit would be the proper forum to address the reasonableness of his fees. Pippen argued that KRPC 1.5(e) allowed a client to have a court review the reasonableness of attorney fees. Pippen also asserted that the district court judge who oversaw the divorce action would be in the best position to decide the reasonableness of the fees. Pippen argued that the court had engaged in the reasonableness analysis when it denied Pippen's motion to have Parrish pay attorney fees.

3

On July 29, 2021, the district court entered an order, finding that it had "permissive jurisdiction" to hear Pippen's motion. But the district court declined to exercise that jurisdiction, stating it would open a "'Pandora's Box'" that would expand the issues a divorce court addresses and prolong litigation. The district court stated the proper method would be for Pippen to file a civil suit under Chapter 60 in which Lerner would be a party and the two parties could then engage in discovery. The district court certified three questions for interlocutory appeal under K.S.A. 2020 Supp. 60-2102(c):

> "1. Is this District Court, as the court handling the underlying and existing family law litigation, an 'appropriate court having jurisdiction of the matter' pursuant to KRPC 1.5(e)?
>
> "2. If so, is the exercise of jurisdiction mandatory such that this Court is required to review and approve counsel Lerner's fee contract and determine whether the fees are reasonable by reason of respondent Pippen's application?
>
> "3. In the event the Court of Appeals reverses the ruling, what procedural requirements would the Court of Appeals impose, if any, concerning discovery by either Lerner or respondent Pippen, or both, as to the fee dispute?"

The district court also found that "pursuant to K.S.A. 60-254(b), there is no just reason for delaying the entry of final judgment as to the respondent's claim, as the claim is separate and distinct from the other issues involved in this divorce proceeding." Pippen filed a notice of appeal from the district court's July 29, 2021, order, including "the denial of [his] application for review pursuant to KRPC 1.5(e)."

On August 5, 2021, Pippen applied for an interlocutory appeal with this court under case No. 124,231. Lerner opposed this application, arguing that the conditions for an interlocutory appeal were not met because: (1) the appeal does not involve a controlling question of law as the district court decided to exercise its discretion not to take jurisdiction over the issue; (2) there is not an issue on which there is a substantial ground for difference of opinion because judicial discretion is not a ground for difference

of opinion; and (3) the appeal would not materially advance termination of litigation because a ruling on the fees does not affect the divorce action. On August 19, 2021, this court denied Pippen's application for an interlocutory appeal.

On September 9, 2021, Pippen filed a docketing statement invoking this court's jurisdiction under K.S.A. 2020 Supp. 60-254(b). Lerner moved to dismiss the appeal, asserting that the divorce action was not final and that he was not a party to the divorce, thus this court lacks jurisdiction to address the appeal. Pippen responded that the district court certified the judgment as both an interlocutory appeal and under K.S.A. 2020 Supp. 60-254(b), thus this court has jurisdiction to hear the appeal.

On October 4, 2021, this court's motions panel denied Lerner's motion to dismiss the appeal on present showing, stating that the journal entry "contains the language which allows us to take jurisdiction under K.S.A. 2020 Supp. 60-254(b)." But this court's order noted that "the validity of a district court's K.S.A. 60-254(b) findings is a proper subject for appellate review. . . . The parties are free to brief this issue for the panel assigned to decide the merits of the appeal."

On October 8, 2021, Lerner filed a civil suit against Pippen in Johnson County District Court seeking the balance of $327,315 for his services in the divorce case. The petition also included a second count, seeking $12,868 in fees for an unrelated action based on a separate fee agreement between Pippen and Lerner for representation against Wells Fargo Commercial Distribution Finance, LLC (Wells Fargo). Pippen filed a counterclaim asserting that he had overpaid Lerner in the divorce case by $51,808.71.

On March 2, 2022, Pippen moved this court to stay the proceedings in Johnson County District Court. Pippen asserted that the Johnson County District Court granted him a stay for 45 days from February 28, 2022, to seek a stay from this court. Pippen argued that because he filed this appeal first and the two cases involve the same issue—

the reasonableness of Lerner's claimed fees—this court should order the Johnson County case be stayed. Lerner responded, asking this court to deny the stay. Among other arguments, Lerner asserted that the Johnson County case involves an unrelated claim—the Wells Fargo claim—that was not before the divorce court and is not involved in this appeal. The motion to stay the district court proceedings remains pending.

## DOES THIS COURT HAVE JURISDICTION OVER THIS APPEAL?

In denying Lerner's motion to dismiss this appeal on present showing, this court invited Lerner and Pippen to brief the jurisdiction issue for the panel assigned to decide the merits of the appeal. Lerner asserts this court lacks jurisdiction over this appeal under K.S.A. 2020 Supp. 60-254(b). In a reply brief, Pippen asserts this court has jurisdiction to hear this appeal. Whether this court has jurisdiction is a question of law. *Jenkins v. Chicago Pac. Corp.*, 306 Kan. 1305, 1308, 403 P.3d 1213 (2017). "'Kansas courts only have such appellate jurisdiction as is conferred by statute, and in the absence of compliance with the statutory rules, a court has the duty to dismiss the appeal.'" 306 Kan. at 1308.

Pippen filed this appeal claiming this court has jurisdiction under K.S.A. 2020 Supp. 60-254(b), which states:

> "(b) *Judgment on multiple claims or involving multiple parties*. When an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim or third-party claim, or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

Lerner argues that K.S.A. 2020 Supp. 60-254(b) does not provide jurisdiction here because the "action" at issue is a divorce case and he is not a "party" to that action. Lerner also argues that although the district court found there was no just reason for delay, the court never directed entry of a "final judgment" as required by the statute.

In granting Lerner's motion to dismiss Pippen's motion to determine reasonable attorney fees, the district court certified its ruling as a final judgment under K.S.A. 2020 Supp. 60-254(b). But we note with significance that "'[e]ven if a section 254(b) certificate is issued, it is not binding on appeal; the trial court cannot thereby make an order final and therefore appealable, if it is not in fact final.'" *Gillespie v. Seymour*, 263 Kan. 650, 655, 952 P.2d 1313 (1998). Thus, just because the district court certified its order dismissing Pippen's motion, does not mean that this court has jurisdiction.

Lerner presents a persuasive argument that this court lacks jurisdiction over this appeal under K.S.A. 2020 Supp. 60-254(b). K.S.A. 2020 Supp. 60-254(b) allows for appeal of a "final judgment" on "one or more, but fewer than all, claims or parties . . . ." The order issued by the district court dismissing Pippen's motion for a determination of the reasonableness of the attorney fees does not constitute a "final judgment," let alone a final judgment on "one or more, but fewer than all, claims or parties." There are two fundamental reasons why this court lacks jurisdiction over this appeal under K.S.A. 2020 Supp. 60-254(b). First, Lerner is not a party to the divorce action. Second, K.S.A. 2020 Supp. 60-254(b) does not apply because the district court never entered a "final judgment" on any claim involving the reasonableness of the attorney fees.

*Lerner is not a party to the divorce action.*

K.S.A. 2020 Supp. 60-254(a) defines a final judgment as a final determination of "*the parties'* rights in an action." (Emphasis added.) Kansas caselaw also generally recognizes that "a judgment may not be rendered for or against one who is not a party to

7

the action or who did not intervene therein." *Ryder v. Farmland Mut. Ins. Co.*, 248 Kan. 352, 367, 807 P.2d 109 (1991). The action at issue is for a dissolution of marriage. Thus, the question becomes whether Lerner is a party to the dissolution of marriage action so that the district court could issue any type of judgment against him, let alone a final one.

K.S.A. 2020 Supp. 60-254(b) does not define the term party, but cases discussing whether a case is a multiple claims case for K.S.A. 60-254(b) certification suggest that determining whether a case involves multiple parties is not a difficult question: "'In sharp contrast to determining the existence of multiple parties, the question of when a case presents multiple claims often is a difficult one.'" *Gillespie*, 263 Kan. at 654. Pippen does not dispute Lerner's straightforward claim that Lerner is not a party to the divorce action.

There is no Kansas case directly on point discussing jurisdiction under K.S.A. 2020 Supp. 60-254(b) in a dispute between a party and a nonparty. But because Lerner is not a party to the divorce action, it is unclear how the district court could issue any type of judgment for or against him, let alone a final judgment. Applying the general principle that a judgment may not be rendered for or against one who is not a party to the action, K.S.A. 2020 Supp. 60-254(b) does not seem to provide this court with jurisdiction over this appeal because Lerner is not a party to the divorce action.

*The district court did not enter a "final judgment" on any claim.*

More importantly, even assuming Lerner could somehow be considered a party, the district court did not enter a "final judgment" on the reasonableness of the attorney fees. K.S.A. 2020 Supp. 60-254(b) allows the district court to enter a "final judgment" on one or more, but fewer than all, of the claims pending before the court if the court finds there is no just reason for delay. But for a party to invoke appellate jurisdiction under K.S.A. 2020 Supp. 60-254(b), the district court must enter a "final judgment" on one of the claims before the court. The finality of any judgment on the fee dispute is what is

8

missing in this case. In deciding whether to address Pippen's motion to set reasonable attorney fees under KRPC 1.5(e), the district judge stated:

> "But I'm going to find that I have permissive jurisdiction to hear this matter, but I am going to decline jurisdiction of it on the basis that hearing these matters would be— would unnecessarily expand the issues that this Court takes up in divorce cases. It would raise the likelihood of elongating all divorce proceedings over many years. That there would be a likelihood of a consequence of clogging divorce dockets, so that the mainline divorce case factors outlined in 23-2711 could not be timely heard.
>
> "And in my opinion, if this case is going to be litigated, the best forum, besides alternative dispute resolution, would be in the Chapter 60 proceeding . . . ."

From its ruling the district court essentially determined it had jurisdiction to hear the issue but then chose not to make any decision as it would complicate the divorce case. In a similar case, the Kansas Supreme Court found that it did not have jurisdiction under K.S.A. 60-254(b) because the district court failed to issue a final judgment. In *Gillespie*, a brother and sister brought litigation against co-trustees and other parties in a dispute over a trust. The same law firm represented both the brother and the sister, and they each signed a contingent fees agreement. The litigation, which involved multiple appeals and a bankruptcy action, eventually settled for $2,250,000.

A dispute then arose between brother and sister about who was responsible for the litigation expenses. Brother filed a motion under Model Rules of Professional Conduct (MRPC) 1.5(e), asking the district court to determine whether sister owed part of the litigation expenses and the reasonableness of those expenses. The district court decided sister was required to pay a share of the litigation expenses but "did not adjudicate the reasonableness of the fees and expenses or decide what portion was [sister's] responsibility." 263 Kan. at 652. The journal entry certified the district court's ruling for immediate appeal under K.S.A. 60-254(b). 263 Kan. at 650.

9

The Kansas Supreme Court discussed appellate jurisdiction under K.S.A. 60-254(b) and found the appeal did not involve multiple parties or multiple claims as required by the statute. 263 Kan. at 652-55. But the court also pointed out that there was no finality of judgment as required by the statute. 263 Kan. at 655. The court explained that the district court left open three issues for decision—the reasonableness of the fees, the expense-sharing agreement between brother and sister, and a separate issue of disqualification of the law firm. 263 Kan. at 656. The court reasoned that "leaving open three issues prevents finality of the judgment . . . . Otherwise, this case becomes a classic 'piecemeal' appeal." 263 Kan. at 656. Applying this reasoning, the court dismissed the appeal finding it lacked jurisdiction under K.S.A. 60-254(b). 263 Kan. at 657.

Like in *Gillespie*, the district court here did not make any determination, let alone a final one, over Pippen's right to a determination of reasonable attorney fees against Lerner. The district court did not decide it had no jurisdiction to address the matter, which would have been a final decision. Nor did it decide it could hear the matter and render a decision on the merits. Instead, the district court decided that it wanted more guidance from higher courts and certified three questions for interlocutory appeal. But this court exercised its discretion to deny Pippen's application for an interlocutory appeal. See K.S.A. 2020 Supp. 60-2102(c). The district court also certified the case for appeal under K.S.A. 2020 Supp. 60-254(b). But as discussed above, a district court's certification of the case for appeal under K.S.A. 2020 Supp. 60-254(b) neither vests this court with jurisdiction nor makes an order a final judgment. *Gillespie*, 263 Kan. at 655.

This case is not a multiple claims case or a multiple party case as contemplated by K.S.A. 2020 Supp. 60-254(b). The action at issue is a divorce case and Lerner is not a party to that action. Moreover, the district court never entered a final judgment on the fee issue between Pippen and Lerner. Instead, it decided it could hear the issue but then chose not to do so pending further guidance from this court. We conclude this appeal is not properly before this court under K.S.A. 2020 Supp. 60-254(b).

10

In his reply brief, Pippen asserts that the district court's certification under K.S.A. 2020 Supp. 60-254(b) "was not even necessary" and this court has jurisdiction because there were no issues left to be determined in the Pippen-Lerner fee dispute and the district court issued a final order in the divorce. Although Pippen does not cite K.S.A. 2020 Supp. 60-2102(a)(4), he appears to argue that this court has jurisdiction over the appeal from a final decision of the district court. But when Pippen moved for the district court to determine a reasonable attorney fee and the court declined to resolve the issue, various post-decree motions were still pending in district court. And in the docketing statement Pippen filed with this court, Pippen answered, "No," to the question, "Is the Order appealed from a final Order; *i.e.*, does it dispose of the action as to all claims by all parties?"

Thus, this court lacks jurisdiction over this appeal as an appeal from a final decision of the district court even though the district court had issued a final order in the divorce action. Moreover, it is unclear how a final order in the divorce action between Parrish and Pippen could somehow provide the basis for appellate jurisdiction over the fee issue between Pippen and Lerner. Again, Lerner is not a party to the divorce action, the final judgment in the divorce does not affect Lerner, and the district court did not make a final judgment on the fee dispute issue.

Pippen also asserts that his application under KRPC 1.5(e) "was entirely collateral" and the issue was determined when the district court found it had permissive jurisdiction but refused to review the issue. Pippen seems to be referring to the collateral order doctrine. As that doctrine is applied in Kansas, a collateral order is appealable if the order "'(1) conclusively determine[s] the disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) [is] effectively unreviewable on appeal from a final judgment.'" *Kansas Med. Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 612, 244 P.3d 642 (2010). But this argument is also unpersuasive.

11

"The collateral order doctrine is applied sparingly in Kansas, and . . . '[t]here is no sound policy to liberalize the [collateral order] doctrine, especially when the opportunity exists for an interlocutory appeal if the Court of Appeals is persuaded, in the exercise of its discretion, to allow the appeal.'" 291 Kan. at 612. As mentioned before, Pippen tried to have this order reviewed as an interlocutory appeal but did not convince this court that it should address the questions certified for interlocutory appeal. More importantly, as discussed above, the district court never conclusively determined the disputed issue between Pippen and Lerner, which is the first requirement for a party to invoke appellate jurisdiction under the collateral order doctrine. 291 Kan. at 612. The collateral order doctrine does not provide a basis for appellate review of the district court's order.

In sum, Pippen points to no valid authority to invoke this court's jurisdiction over the district court's nonfinal ruling on Pippen's motion against Lerner, a nonparty to the divorce action. We conclude this court lacks jurisdiction to address the merits of the appeal. Because we have no jurisdiction over the appeal, we have no jurisdiction to address the motion to stay the district court proceedings in Johnson County.

Appeal dismissed.