No. 43,304

Dale Fields and Mrs. Dale Fields, (Helen A. Fields) *Appellees*, v. Anderson Cattle Company, Inc., a corporation, *Appellee*, Blue Stem Feed Yards, Inc., a corporation, *Appellant*, Cattlemen's Feed Lots, Inc., a corporation, *Appellee*.

(396 P. 2d 284)

Opinion filed November 7, 1964.

*Glenn D. Young, Jr.*, of Wichita, and *Russ B. Anderson*, of Emporia, argued the cause, and *W. F. Lilleston, George C. Spradling, Henry V. Gott, George Stallwitz, Ralph M. Hope, Ronald M. Gott, Richard W. Stavely* and *Charles S. Lindberg*, all of Wichita, were with them on the briefs for the appellant.

*Frank C. Sabatini*, of Topeka, argued the cause, and *O. B. Eidson, Philip H. Lewis, James W. Porter, Charles S. Fisher, William G. Haynes* and *Roscoe E. Long*, all of Topeka, and *George L. Allred*, of Emporia, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Hatcher, C.: This is a second appeal in the case of *Fields v. Anderson Cattle Co.*, 193 Kan. 558, 396 P. 2d 276.

It would serve no useful purpose to again set out the issues, the facts, the various controversial rulings and the verdict and judgment.

One of the defendants, the Blue Stem Feed Yards, has appealed contending that the trial court erred in approving the general and special findings of the jury, in entering judgment in favor of the plaintiffs where all of the evidence was contrary to the jury's findings and in overruling its demurrer to plaintiffs' evidence.

At the outset we are confronted with appellees' motion to dismiss the appeal because Blue Stem Feed Yards has taken a direct appeal in the same case appealed by plaintiffs rather than having filed a cross-appeal. On July 20, 1962, the plaintiffs appealed from the judgments, orders and decisions of the district court which was docketed as No. 43,293. On July 29, 1962, the defendant, Blue Stem

Feed Yards, filed this direct appeal from the judgments, orders and decisions of the district court, which appeal was docketed as No. 43,304.

Our attention is called to G. S. 1949, 60-3314 which provides:

"When notice of appeal has been served in a case and the appellee desires to have a review of rulings and decisions of which he complains, he shall within twenty days after the notice of appeal is filed with the clerk of the trial court, give notice to the adverse party, or his attorney of record, of his cross-appeal and file the same with the clerk of the trial court, . . ."

The appellant states:

". . . Although all three defendants involved in the action were duly notified of the appeal, Case No. 43,292 [43,293] relates only to the defendant Anderson Cattle Company, Inc. Blue Stem Feed Yards, Inc., is in no way directly involved in that appeal nor is it particularly interested in or affected by the final adjudication of the issues to be considered by this Court in that appeal. . . ."

We cannot agree with appellant's suggestion. One of the chief claims of error in case No. 43,293 was striking from the petition pain, suffering and mental anguish as an element of damages. The contention was seriously controverted by Blue Stem Feed Yards as appellee. The appellants contention that the trial court erred in concluding that Lyon County zoning ordinance did not apply to appellees was also seriously controverted by Blue Stem Feed Yards as appellee. An adverse determination of these issues would have materially affected Blue Stem Feed Yards.

The legislature has provided that if an appellee desires a review of rulings and decisions of which he complains, he shall file a cross-appeal. The purpose of the provision is readily apparent. It is to conserve time and expense and eliminate duplication in abstracts, briefs and opinions.

The legislature has the power to determine when an appeal may be taken and the manner in which it shall be taken. *Kowing v. Douglas County Kaw Drainage Dist.*, 167 Kan. 387, 207 P. 2d 457; *City of Hutchinson v. Wagoner*, 163 Kan. 735, 186 P. 2d 243; *Union Pac. Rld. Co. v. Missouri Pac. Rld. Co.*, 135 Kan. 450, 10 P. 2d 893; *Bowen v. Wilson*, 93 Kan. 351, 144 Pac. 251.

A second and direct appeal cannot be used as a substitute for a cross-appeal as directed by statute. (*Schumacher v. Rausch*, 190 Kan. 239, 372 P. 2d 1005.)

The appeal is dismissed.

APPROVED BY THE COURT.