NOT DESIGNATED FOR PUBLICATION

No. 112,199

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RONALD B. HARTNETT
A/K/A/ R. BRUCE HARTNETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ness District Court; BRUCE T. GATTERMAN, judge. Opinion filed November 13, 2015. Affirmed.

*Ronald Bruce Hartnett*, appellant pro se.

*Craig S. Crosswhite*, county attorney, for appellee.

Before GREEN, P.J., GARDNER, J., and JOHNSON, S. J.

*Per Curiam*: Ronald B. Hartnett, a/k/a R. Bruce Hartnett, "in propria persona" appeals the district court's judgment that he was guilty of speeding. Rather than contesting the fact that he was going 81 mph in a 65 mph zone, he challenges the trial court's jurisdiction to hear his case, its failure to grant him default judgment, the sufficiency of the complaint, the state's failure to exhaust administrative remedies, and the state's violation of his right to travel.

1

The facts are simple, undisputed, and well known to the parties so they will not be set forth herein. The claims are unclearly written making them difficult to discern, but we address them briefly as best we understand them.

Hartnett contends the district court lacked standing and jurisdiction over him. Kansas district courts have general original jurisdiction of all matters, unless otherwise provided by law, and also have such appellate jurisdiction as prescribed by law. K.S.A. . 20-301; see K.S.A. 22-2601; K.S.A. 2014 Supp. 21-5106(a)(1). Magistrate judges have the jurisdiction "to conduct the trial of traffic infractions . . . or misdemeanor charges. . . ." K.S.A. 2014 Supp. 20-302b. Nothing in the facts of record or in Hartnett's allegations shows any lack of jurisdiction either in the magistrate judge's initial trial of the matter or in the district court's subsequent trial de novo trial of the same matter.

Hartnett generally alleges that the charging document was insufficient, but he does not explain what the defect was in the traffic citation or how that defect harmed him, as is necessary. See *State v. Martis*, 277 Kan. 267, 275, 83 P.3d 1216 (2004). Because Hartnett has not adequately briefed this issue, we deem it waived or abandoned. *Cooke v. Gillespie,* 285 Kan. 748, Syl. ¶ 6, 176 P.3d 144 (2008).

Hartnett also claims that he is entitled to default judgment because the State failed to "[a]rgue or file any [p]roof, [a]nswers nor [r]ebuttals, enabling any proper research for rebuttal." To the extent this same argument was resolved against Hartnett in his previous case, *State v. Hartnett*, 105,409, 2011 WL 5526569, at *4 (Kan. App. 2011) (unpublished opinion), *rev. denied* 294 Kan. 945 (2012), it is frivolous. To the extent this argument is different than that previously resolved, it is meritless and insufficiently briefed.

Hartnett contends that the State presented insufficient evidence for the district court to find him guilty of speeding because it was required to prove that he was unable to "control the speed of the vehicle as necessary to avoid colliding with another person or

2

vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care." But that language is from a Texas statute which is inapplicable here, making this argument frivolous.

Hartnett argues he is not subject to the traffic laws of Kansas because enforcement of those laws violates his right to travel and his right to drive. But we rejected a similar argument in *State v. Hershberger*, 27 Kan. App. 2d 485, 492-94, 5 P.3d 1004, *rev. denied* 269 Kan. 937 (2000). Hartnett's right to travel is not infringed by the enforcement of traffic laws because there are other methods of travel available to him. See 27 Kan. App. 2d at 493. And he has no right to drive because driving is a privilege, not a right. See *State v. Bowie*, 268 Kan. 794, 800, 999 P.2d 947 (2000).

Similarly, Hartnett contends that he is not subject to the traffic laws of Kansas because he was using his vehicle for personal rather than commercial purposes. But Hartnett does not cite any authority supporting his belief that traffic laws do not apply to one using his or her car for personal purposes, and the plain language of K.S.A. 2014 Supp. 8-1558(a) shows the maximum speed limits apply to drivers of commercial and noncommercial vehicles. This argument is thus frivolous.

Hartnett argues throughout his brief that the district court lacked jurisdiction because the State failed to exhaust its administrative remedies. But Hartnett fails to provide any authority holding that the Kansas Department of Revenue has jurisdiction in this case or that the State is required to exhaust any administrative remedies before it can charge him with speeding. Hartnett raised this same argument to us in another case and we rejected it, finding that he waived the issue by only incidentally mentioning it in his brief. *Hartnett*, 2011 WL 5526569, at *4. Likewise, we find this issue waived because Hartnett has not cited any authority supporting his argument and raises the issue only incidentally. See *Gillespie*, 285 Kan. at 758.

3

We find all of Hartnett's claims to be without merit. Further, Hartnett has raised similar issues in previous appeals to this court. See *City of Ensign v. Hartnett*, No. 108,536, 2013 WL 2936333 (Kan. App.) (unpublished opinion), *rev. denied* 298 Kan. ___ (November, 22, 2013); and *Hartnett*, 2011 WL 5526569. Finally, evidence established at the de novo trial supports the district court's findings of fact and conclusions of law, which adequately explain its decision.

Affirmed under Rule 7.042(b)(1), (2), (3), and (5) (2014 Kan. Ct. R. Annot.67).