NOT DESIGNATED FOR PUBLICATION

No. 114,105

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TINENE BEAVER,
*Appellant*,

v.

STEWART ENSIGN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; REBECCA W. CROTTY, judge. Opinion filed February 19, 2016. Affirmed.

*Tinene Beaver*, appellant pro se.

*L.N. Collier*, of Topeka, for appellee.

Before BRUNS, P.J., MCANANY, J., and JOHNSON, S.J.

*Per Curiam*:  Tinene Beaver, pro se, appeals from the district court's judgment in her favor against Stewart Ensign. Beaver hired Ensign to replace the roof on Beaver's commercial building for $5,800. Ensign did so and Beaver paid. A year later the roof leaked, requiring roof and interior repairs. Beaver sued Ensign in small claims court and obtained a judgment for the jurisdictional maximum, $4,000. Ensign appealed to the district court. After a trial de novo the district court awarded Beaver $650 in damages for the cost of repairs resulting from Ensign's breach of the warranty on his workmanship. Beaver appears to argue on appeal that the district court erred when it held that Ensign did not warrant the materials he used. Finding no reversible error, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2013 Beaver solicited a bid from Ensign to install a new roof on her commercial building. Beaver accepted Ensign's written estimate: she agreed to pay Ensign $5,800, and Ensign agreed to provide a new roof for the building with a 5-year warranty on his "workmanship." Ensign installed the new roof, and Beaver paid in full.

Roughly a year later in June 2014, Beaver noticed water damage to the interior of her building. Beaver concluded that Ensign's workmanship and/or the materials he used on the roof were defective. When she could not resolve her claim with Ensign she sued him in small claims court for the maximum jurisdictional amount of $4,000. The small claims court judge awarded Beaver a judgment for that $4,000 maximum. Ensign appealed to the district court. The district court conducted a trial de novo on June 9, 2015.

Beaver claimed at trial that Ensign had not provided her the green Timberline roofing shingles she contended the written contract (*i.e.*, Ensign's signed estimate) required. She also complained that Ensign's workmanship and materials were such that the roof that was to last 10 or 15 years already leaked. She denied that she was aware that Ensign had, instead of the shingles, installed rolled roofing. She maintained that she only learned of that substitution after she discovered water damage to the interior of the building and, for the first time since before Ensign's repairs, actually inspected the roof. She also noted then that the rolled roofing material had peeled back in the area of the leaks. She contended that Ensign's use of the wrong materials and his poor workmanship resulted in the roof leaks that damaged the building's interior. She believed she was entitled to a refund of the $5,800 she had paid Ensign because she was "going to have to end up getting my roof redone again" but acknowledged that her maximum recovery in a small claims action was $4,000.

2

Beaver called Steve Bodola as a witness. Bodola said he had done construction work most of his life and had specifically done over 50, and perhaps 100, roofing jobs. He acknowledged that he had not been doing any roofing the past 10 or 15 years. Bodola examined the roof at Beaver's request after she discovered the leaks. Bodola did not inspect the entire roof job, just the area where the roofing had rolled back. He tacked down the roofing that had come loose. Bodola determined that wind from a "fairly strong storm" had lifted the roofing from the surface at the highest part of the building, which was the area that would be hardest hit in a storm. He opined that more fasteners and adhesive should have been used to hold down the roofing material in such a "high priority" area.

Beaver asked Bodola if the roofing had been laid down properly or was defective. Bodola responded:  "It looked to me properly put down, but I didn't inspect it, every part of it." However, it appeared to him that the rolled roofing was "fairly lightweight" and, if he was doing the job, he would have used something heavier. Bodola testified that the damage to the building's interior depicted in photo exhibits resulted from water that leaked in where the roofing had come loose. Bodola did not say that that the roof needed to be replaced. He was not asked to estimate the cost of repairs, externally or internally, necessitated by the wind damage to the roofing and the resulting leaks.

Ensign testified in his own defense. He confirmed that he had signed an estimate for Beaver on her roofing job that did include a 5-year workmanship warranty. He also confirmed that Beaver had initially requested that he install the new roof using green Timberline shingles. However, Ensign maintained that, after giving Beaver the estimate, he further examined the roof and noted its very slight, nearly flat pitch. He did not believe shingles were appropriate for the job. He contended wind was more likely to get under and lift shingles than the rolled roofing he recommended. Ensign said that after he explained that recommendation to Beaver she agreed to the change in material. He then installed the more expensive rolled roofing. He also claimed that Beaver inspected his

3

work upon completion, could see that he used rolled roofing rather than green shingles, said the job looked fine, and finished paying him a week or so later.

Ensign said he examined the roof after Beaver contacted him about the leaks and everything looked intact except the wind-damaged part in the northeast corner. He maintained that the damage was the result of a storm and was not the result of poor materials or workmanship. Beaver asked Ensign about the contract: "Now, in the contract, it clearly states that you had stated that this roof should last for about what, 15— about 10, 15 years, correct?" Ensign responded: "Yes." Ensign told the court that the wind damage to the roof would cost $500 to repair, and repairing the water-damaged sheetrock inside would cost an additional $150.

The district court announced its judgment at the close of the evidence. The court held that Ensign's signed estimate to Beaver constituted a contract with a 5-year workmanship warranty but "not a materials warranty." The court awarded Beaver judgment against Ensign for $650, consistent with Ensign's repair cost estimates. Beaver did not object that the court's findings or legal conclusions were inadequate. However, Beaver did timely appeal from that judgment.

ANALYSIS

Although Beaver lists in her pro se brief four issues on appeal, three of those issues are not appropriate for review. For example, Beaver contends in her issues 2 and 3 that the statute of limitations does not bar her claim. She is clearly correct. The statute of limitations is not actually at issue, though, because Ensign never contended that the claim was barred at trial and concedes in his brief that the claim is not barred. Beaver also lists this as her issue 4: "Tinene Beaver promptly paid [Ensign's] bill directly with cashiers checks and cash, which was cashed by Stewart Ensign Total amount $5,800.00 paid in

4

full [for] the roof leaks." Again, Ensign did not deny at trial that Beaver had paid him or that the roof leaked and does not do so in his brief.

Also, in the third item of her listed issues, Beaver asserts: "Stewart Ensigin [*sic*] agreed in negotiations to the work to be performed on contract, and then breached that agreement." As noted above, in the legal analysis section of the brief under her issue 3 she again writes about the statute of limitations. Only this sentence is even relevant to a breach of contract claim: "Stewart Ensign verbal agreement as well as written agreement was but on paper the interest of what Tinene Beaver paid for and work should have been done right and the color and texture of the shingles to be used."

However, Beaver does not argue that the trial court erred when it implicitly, from its silence, denied her apparent claim that Ensign breached the contract when he laid rolled roofing rather than green shingles. She therefore does not address the factual dispute on that issue, *i.e.*, that Ensign claimed Beaver agreed to a modification permitting the use of rolled roofing rather than green shingles. Nor does she address her failure to adduce evidence to prove her belief that she would need to have the roof "redone." A party asserting a claim for breach of contract has the burden of proving each and every element of the claim, including damages. See *State ex rel. Stovall v. Reliance Ins. Co.*, 278 Kan. 777, 789, 107 P.3d 1219 (2005). Beaver does not attempt to demonstrate that she proved, more probably true than not, that Ensign breached the contract and, but for the district court's error, she was entitled to a greater judgment. Clearly this breach of contract assertion is a point raised incidentally in Beaver's brief but not argued, and we deem it waived and abandoned. *State v. Berriozabal*, 291 Kan. 568, 594, 243 P.3d 352 (2010).

We can locate only one place in appellant's brief, under her issue 1, where Beaver even asks that we reverse the district court's judgment. After citing at least arguably relevant authorities concerning what performance, goods, and materials could be subject

5

to express and implied warranties, Beaver states: "The question of whether the printed words '5 Year Workmanship Warranty' on bill of sale for materials is an express written warranty of those materials sold in that bill, which the customer then paid, is [a] question of fact for the jury [*sic*], and the ruling of the lower court should be overturned." There is no dispute that the estimate listed various materials for which Beaver paid. As we noted above, the district court did, in fact, rule that Ensign warranted only his workmanship. The district court specifically held that the contract did not include a materials warranty. Beaver complained throughout the trial and complains throughout her brief that Ensign agreed to use the green Timberline shingles noted on the estimate but he arbitrarily substituted rolled roofing. Beaver appears to attribute the leaky roof in part to that substitution and in part to Ensign's poor workmanship.

The record on appeal does not contain the written estimate the trial court determined constituted the parties' contract. Beaver has attached it to her brief as an exhibit. However, including documents in an appendix to a brief does not make those documents part of the record that we can consider on appeal. *Romkes v. University of Kansas*, 49 Kan. App. 2d 871, 886, 317 P.3d 124 (2014). Nevertheless, the parties described Ensign's estimate in some detail at trial so we are able to consider Beaver's claim that the district court erred when it found no warranty on materials. Beaver seems to claim that had the district court correctly applied a materials warranty to the materials Ensign used in the job she would have been awarded more money.

After liberally construing Beaver's brief to find a reviewable issue, we must hold that the issue we found is without merit. We note that Beaver does not claim that Ensign's estimate specifically warrants materials. Ensign testified that he did not warrant the materials he used, and if a customer had a materials problem he would help work that out with the manufacturer. Beaver makes no persuasive argument at law that we should impute a materials warranty to her contract, or that one is implied. The district court's

factual and legal conclusions that the parties' contract did not contain a materials warranty are supported by substantial competent evidence.

Even if we imputed such a materials warranty, we would still disagree with Beaver's contention that the "ruling of the lower court should be overturned." That is because any error in failing to find that a materials warranty applied here would be harmless. Harmless error is error which does not prejudice the substantial rights of the parties or will not affect the trial's outcome. *Commerce Bank N.A. v. Bolander*, 44 Kan. App. 2d 1, 21, 239 P.3d 83 (2007). Beaver has failed to show that, had the district court found that a materials warranty applied, Beaver's recovery could have been greater.

We consider the following when reviewing a warranty breach claim:

> "As a general rule, a party seeking damages for breach of warranty must prove the warranty, the breach thereof, and the loss that resulted from the breach. *Fox v. McKay Motor Co.*, 188 Kan. 756, 761, 366 P.2d 297 (1961); see also *Springfield Tent & Awning Co. v. Rice*, 202 Kan. 234, 238, 447 P.2d 833 (1968) (affirming directed verdict granted by district court on grounds that plaintiff failed to prove that defendant's actions caused plaintiff to sustain any damages). Put another way, the measure of damages for breach of warranty is the loss directly and naturally resulting from the breach. [Citations omitted.]" *Sours v. Russell*, 25 Kan. App. 2d 620, 622-23, 967 P.2d 348 (1998), *rev. denied* 261 Kan. 890 (1999).

Beaver did not introduce any evidence that the materials Ensign used were somehow defective. When Beaver asked Bodola if the roofing had been laid down properly or was defective, Bodola responded: "It looked to me properly put down, but I didn't inspect it, every part of it." Bodola did not identify any defect in the materials, just in Ensign's installation of the materials in using an insufficient number of fasteners and too little adhesive. These critiques are evidence of defects in workmanship, not materials. Bodola did not testify that the material Ensign used was not fit for Beaver's purposes, he

7

just said he would likely have used heavier material, but "that's just me, stuff like that." Finally, Beaver just believed, but did not offer any evidence to support her belief, that she needed to have the roof "redone." Again, "the measure of damages for breach of warranty is the loss directly and naturally resulting from the breach." *Sours*, 25 Kan. App. 2d at 623. The only damages Beaver proved were those the district court awarded her under the workmanship warranty. Thus, the district court could not have committed reversible error when it held there was no materials warranty here.

Regarding Ensign's brief, we note that he complains of the verdict entered against him. He did not cross-appeal so that issue is not properly before us and we decline to consider it. See *Cooke v. Gillespie*, 285 Kan. 748, 755, 176 P.3d 144 (2008).

Affirmed.