NOT DESIGNATED FOR PUBLICATION

No. 113,875

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of M.M.M., M.L.M., M.M., and A.D.M.,

Persons Under Eighteen (18) Years of Age.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; J. PATRICK WALTERS, judge. Opinion filed March 4, 2016. Affirmed.

*Nancy Ogle*, of Ogle Law Office, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, and *Mark Bennett*, district attorney, for appellee.

Before HILL, P. J., PIERRON and GARDNER, JJ.

*Per Curiam*:  M.M.M. (Mother), the natural mother of M.M.M., M.L.M., M.M., and A.D.M., appeals from the district court's termination of her parental rights. She claims that because the State failed to prove her unfitness by clear and convincing evidence, the district court erred by terminating her parental rights. Finding no reversible error, we affirm.

*Factual History*

In June 2013, M.M.M., M.L.M., M.M., and A.D.M., the children, who had been in Mother's care, were placed in protective custody. The State's petition alleged that the children were without adequate care, control, or subsistence not solely due to the lack of financial means, without the care or control necessary for their health, had been abused or

neglected, had not been attending school, and had been living with a sibling that had been abused or neglected. Each child was adjudicated as a child in need of care.

In January 2014, the children were reintegrated with Mother. Saint Francis Community Services (SFCS), the organization managing this case, later learned that Mother had law enforcement contact after the children had been integrated due to incidents involving her then-boyfriend, Cleodis Walker. In one incident, Mother reported to police that Walker had choked her and threatened to kill her. Mother did not, however, report these incidents to SFCS. When questioned about these incidents and her failure to report them, Mother stated that they were not a "big deal" and that she had not mentioned Walker because they were not "'technically together.'" Because Mother violated her reintegration and safety plans, the children were again removed from Mother's care.

In June 2014, the State filed a motion for termination of parental rights. An amended motion was filed in August 2014. The State moved to terminate Mother's parental rights, and those of the children's two fathers, based on allegations of alcohol and narcotics use by one of the fathers, physical, mental, or emotional abuse or neglect or sexual abuse, failure of reasonable efforts made by agencies to rehabilitate the family, lack of effort on Mother's part to adjust her circumstances, conduct, or conditions, and failure to carry out a reasonable reintegration plan.

In August 2014, the first termination hearing was held. After the State had presented some of its evidence, and before Mother had presented any evidence, the district court told Mother that it was uncontroverted that she was presently unfit. The only remaining issue was whether Mother was unfit for the foreseeable future. The district court also discussed its concerns about the men Mother allowed into the children's lives. Mother was instructed that she needed to provide a safe environment for the children by monitoring who comes in her house. The district court then set a date to reevaluate Mother's status.

Also at the first hearing, the district court found one of the fathers in default for failing to appear. The other father voluntarily relinquished his parental rights. The district court issued an order finding Mother presently unfit and terminating both fathers' parental rights.

In March 2015, the district court reconvened for a second termination hearing. The State again called witnesses, some of whom had testified at the previous hearing. Mother also testified. After hearing the testimony, the district court again found that Mother was unfit and this time concluded that she would be unfit for the foreseeable future. According to the district court, Mother had failed to take responsibility for exposing the children to harmful men and had failed to make the proper changes. The district court issued an order terminating Mother's rights, based on the presence of the statutory factors listed in K.S.A. 2015 Supp. 38-2269(b)(4), (b)(7), (b)(8), and (c)(3). Mother timely appeals.

*Record on Appeal*

The State first claims that Mother failed to provide a complete record on appeal. The appellant has a duty to designate a sufficient record. *State ex rel. Stovall v. Alivio*, 275 Kan. 169, 172, 61 P.3d 687 (2003). But here, the 83 trial exhibits introduced by the State are missing from the record on appeal. Some of those exhibits would likely not be pertinent to this appeal, but others seem relevant, based on their captions. Nonetheless, the transcripts of the termination hearings provide enough testimony regarding those exhibits for us to consider Mother's claims.

*Mother's Unfitness*

On appeal, Mother claims that the district court erred in terminating her parental rights. She specifically claims that the district court's finding of unfitness was not

3

supported by clear and convincing evidence. According to Mother, the State did not meet its burden of showing that termination was warranted under K.S.A. 2015 Supp. 38-2269(b)(4), (b)(7), (b)(8), and (c)(3).

When reviewing a district court's finding of unfitness, we employ a clear and convincing evidence standard of review. See K.S.A. 2015 Supp. 38-2269(a). In other words, we consider whether we are convinced that a rational factfinder, viewing the evidence in the light most favorable to the State, "could have found it highly probable, *i.e.*, by clear and convincing evidence" that the parent was unfit. *In re B.D.-Y.*, 286 Kan. 686, 705, 187 P.3d 594 (2008). We "[do] not weigh conflicting evidence, pass on credibility of witnesses, or redetermine questions of fact." 286 Kan. at 705.

Once a child has been adjudicated as a child in need of care, parental rights may be terminated if "the court finds by clear and convincing evidence that the parent is unfit by reason of conduct or condition which renders the parent unable to care properly for a child and the conduct or condition is unlikely to change in the foreseeable future." K.S.A. 2015 Supp. 38-2269(a). A nonexclusive list of factors that a district court may consider when making this determination is provided in K.S.A. 2015 Supp. 38-2269(b) and (c). Any one factor may, but does not necessarily, "establish grounds for termination of parental rights." K.S.A. 2015 Supp. 38-2269(f). A district court may also consider nonstatutory factors. See K.S.A. 2015 Supp. 38-2269(b). As the petitioner, the State bears the burden of proof. K.S.A. 2015 Supp. 38-2250.

The district court in this case found that termination was warranted based on the following statutory factors:

- K.S.A. 2015 Supp. 38-2269(b)(4)—physical, mental, or emotional abuse or neglect or sexual abuse of a child;

4

- K.S.A. 2015 Supp. 38-2269(b)(7)—failure of reasonable efforts made by appropriate public or private agencies to rehabilitate the family;
- K.S.A. 2015 Supp. 38-2269(b)(8)—lack of effort on the part of the parent to adjust the parent's circumstances, conduct, or conditions to meet the needs of the child; and
- K.S.A. 2015 Supp. 38-2269(c)(3)—failure to carry out a reasonable plan approved by the court directed toward the integration of the child into a parental home.

Our review of the record indicates that the district court's findings were correct.

First, the State presented evidence of abuse. Mother admitted that M.M.M. had been abused as an infant. She also testified that M.M.M. and M.M. had reported being sexually abused. Mother argues that the State did not present any evidence that she abused the children. But K.S.A. 2015 Supp. 38-2269(b)(4) does not specify that the parent must be the abuser. Further, the district court in this case was concerned about the men Mother allowed to be near the children. And in the past, Mother had allowed abusers to be in the children's lives.

Reasonable efforts were also made to rehabilitate the family. Between a DCCCA family preservation, a Butler County CINC case, a Butler County truancy program, and almost 2 years in this case, there has been a total of almost 9 years of social services intervention in Mother's family. In this case, SFCS provided the family with therapeutic family visits. Mother also received individual therapy. And after the first termination hearing, where it found that Mother was presently unfit, the district court gave Mother additional time to improve her conduct and conditions.

Mother also failed to adjust her circumstances, conduct, or conditions to meet her children's needs. Termination proceedings in this case were prompted by incidents involving Mother and Walker, which led to law enforcement contact. After the first

5

termination hearing, the district court warned Mother about her involvement in "volatile relationships" and told her that she needed to maintain a safe environment for the children. But SFCS learned in the time between the termination hearings that Mother had been spending time with a convicted sex offender. According to Mother, she only recently discovered that he was a sex offender and he had only been giving her rides to and from work. But Mother's therapist also testified that Mother had not shown that she had taken responsibility for the men she was involved with and continued to not recognize the seriousness of the issue. Likewise, the SFCS case manager also testified that she believed Mother still did not understand why the children had been taken from her, and Mother had not taken responsibility for putting the children in danger by exposing them to harmful men.

Finally, Mother failed to carry out her achievement plan. After the first termination hearing, the SFCS case manager gave Mother an achievement plan to address the district court's concerns. As part of that plan, Mother was required to attend a domestic violence class and continued to receive individual therapy to address her relationship issues. But Mother did not complete the domestic violence class. Although Mother did attend some therapy sessions, she missed others. Mother's therapist also testified that when Mother did attend, she was disengaged and often texted during the sessions. More importantly, the SFCS manager and Mother's therapist both testified that not attending the domestic violence class, missing appointments, and not being engaged in therapy was concerning because it showed that Mother continued to not recognize her need to address her involvement with harmful men.

We therefore are convinced that a rational factfinder, when viewing the evidence in the light most favorable to the State, could have found, based on the presence of the statutory factors provided in K.S.A. 2015 Supp. 38-2269(b)(4), (b)(7), (b)(8), and (c)(3), that Mother was unfit. Thus, the district court did not err by finding Mother unfit.

6

*Foreseeable Future and Children's Best Interests*

As noted, a district court may terminate parental rights if "the court finds by clear and convincing evidence that the parent is unfit by reason of conduct or condition which render the parent unable to care properly for a child *and* the conduct or condition is unlikely to change in the foreseeable future." (Emphasis added.) K.S.A. 2015 Supp. 38-2269(a). Also, if the district court makes an unfitness finding, it "shall consider whether termination of parental rights as requested in the petition or motion is in the best interests of the child." K.S.A. 2015 Supp. 38-2269(g)(1). The district court in this case determined that the conduct or condition leading to Mother's unfitness was unlikely to change in the foreseeable future and that termination was in the children's best interests.

Mother does not argue on appeal that these findings were erroneous. She claims only that the State did not prove by clear and convincing evidence that she was unfit. Mother cites K.S.A. 2015 Supp. 38-2269(a), but does not address the foreseeable future prong. She also does not mention whether termination was in the children's best interests. Because these issues were not briefed, we find them to be waived and abandoned. See *Cooke v. Gillespie*, 285 Kan. 748, 758, 176 P.3d 144 (2008). As a result, because we have already determined that the district court's finding of unfitness was supported by clear and convincing evidence, we conclude that the district court did not err by terminating Mother's parental rights.

Affirmed.